IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOSEPH CARRERO; THOMAS WHITNEY; HEIDI WHITNEY, | Civ. No. 1:21-cv-00228-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| CSL PLASMA, INC., | |
| Defendant. | |

AIKEN, District Judge.

This matter comes before the Court on Defendant CSL Plasma Inc.'s Motion to Sever, ECF No. 46. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 21 provides that, in cases of misjoinder of parties, "the court may at any time, on just terms, add or drop a party," and "may also sever any claim against a party." Fed. R. Civ. P. 21. The court may determine joinder is proper if: (1) the plaintiffs' claim arise out of "the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). "Even once these requirements are met, a district court must examine whether permissive

Page 1 –OPINION & ORDER

joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

"If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see also Coleman*, 232 F.3d at 1296 ("Under Rule 20(b), the district court may sever the trial in order to avoid prejudice.").

"This test is easy to articulate but is often difficult to apply because it does not lend itself to bright-line rules and requires a case-by-case analysis." *Clear Skies Nevada, LLC v. Doe—98.232.166.89*, No. 3:15-cv-02142-AC, 2016 WL 8738173, at *1 (D. Or. April 27, 2016).  However, "[j]oinder is to be construed liberally 'in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Rubio v. Monsanto Co.*, 181 F. Supp.3d 746, 755 (C.D. Cal. 2016) (quoting *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977)).  District court exercise broad discretion in considering whether joinder is appropriate.  *Coleman*, 232 F.3d at 1297.

## DISCUSSION

Defendant moves to sever Plaintiff Jospeh Carrero's claims from the claims of Plaintiffs Thomas and Heidi Whitney for purposes of trial.

Carrero donated plasma at Defendant's Medford facility in February 2019 and alleges that, as a result of Defendant's negligence, he was seriously injured by a bacterial infection that required him to be hospitalized for months. Second Am. Compl. ("SAC") ¶¶ 5-8.

Plaintiff Thomas Whitney donated plasma at Defendant's Medford facility in March 2020, and alleges that, as a result of Defendant's negligence, he was seriously injured by a bacterial infection that caused him to be hospitalized for months. SAC ¶¶ 11-14.[1]

In both cases, Plaintiffs allege that Defendant's employees were negligent in one or more of the following ways: (a) failing to adequately clean the injection site; (b) tainting the needle; and/or (c) placing demands on Defendant's phlebotomists, causing them to sacrifice safety for speed. SAC ¶¶ 5, 11.

As noted, there are two basic requirements for joinder. First, the injury must have arisen from the same transaction or occurrence or the same series of transactions or occurrences, and second, there must be a common question of law or fact. Fed. R. Civ. P. 20(a). Defendant asserts that Plaintiffs cannot satisfy either requirement.

With respect to the first requirement, that the injuries arise out of the same occurrence or series of occurrences, Defendant points out that that the donations that allegedly caused Plaintiffs' injuries occurred more than a year apart and involved

---

[1] The third Plaintiff, Heidi Whitney, is Thomas Whitney's wife and alleges loss of consortium arising from the injury to her husband. SAC ¶¶ 17-18. The parties do not dispute that, if the claims were severed, the Whitneys' claims would be heard together.

injections by different phlebotomists. In addition, the COVID-19 pandemic began between the two incidents, which changed Defendant's policies concerning, among other things, how many donors each phlebotomist was responsible for injecting. Plaintiffs also suffered different injuries. *Compare* SAC ¶ 6 and ¶ 12 (describing the injuries of Carrero and Thomas Whitney).

In *Coughlin*, the Ninth Circuit explained that the "same transaction" requirement "refers to similarity in the factual background of the claim," which must be more than a general commonality. *Coughlin*, 130 F.3d at 1350 ("Each Plaintiff has waited a different length of time, suffering a different duration of alleged delay. Furthermore, the delay is disputed in some instances, and varies from case to case. And, most importantly, there may be numerous reasons for the alleged delay.") The requirement could, alternatively, be satisfied by a "systemic pattern of events" or a policy of the defendant. *Id*. "There is no bright-line definition of 'transaction,' 'occurrence,' or 'series,'" and courts "assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 341 (N.D. Cal. 2014). "Although there might be different occurrences, where the claims involve enough operative facts, joinder in a single case may be appropriate." *Id.*

Several courts in the Ninth Circuit considering what constitutes the "same transaction or occurrence" have relied on the Eighth Circuit's interpretation in *Mosely v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974), in which the court found that Rule 20(a) permits "all reasonably related claims for relief by or against

different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Id.* at 1333; *see also Padron v. Onewest Bank*, No. 2:14-cv-01340-ODW(Ex), 2014 WL 1364901, at *2-3 (C.D. Cal. April 7, 2014) (applying *Mosely* to assess whether claims arose from the same transaction); *Rubio*, 181 F. Supp.3d at 756-58 (applying *Mosely* and collecting cases). In *Mosely*, the Eighth Circuit observed that "[t]ransaction is a word of flexible meaning," and it "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley*, 497 F.2d at 1333.

Here, although there may be some differences between the precise circumstances that allegedly gave rise to Plaintiffs' injuries, the claims are logically related. The injuries were, allegedly, caused by Defendant's employees working at the same facility, driven by the same incentives. The claims share enough operative facts to be reasonably related and absolute identity of events is not required. The Court concludes that Plaintiffs' claims arise from the same transaction or series of transactions for purposes of Rule 20(a).

Next, the Court must consider whether the claims share common questions of law or fact. Here, the Court is satisfied that common questions exist with respect to Defendant's policies, the application of those policies by Defendant's employees, and whether Defendant's employees' negligence caused Plaintiffs' injuries.

Even if the requirements of permissive joinder are satisfied, courts are still obliged to consider whether joinder comports with the principles of fundamental fairness or would result in prejudice to either side. *Coleman*, 232 F.3d at 1296. In

addition to questions of prejudice, courts also consider whether judicial economy would be facilitated and whether different witnesses and documentary proof are required for the separate claims. *Broadcom Corp. v. Sony Corp.*, SACV 16-1052 JVS (JCGx), 2016 WL 9108039, at *2 (C.D. Cal. Dec. 20, 2016).

Prejudice is a key consideration. In *Coleman v. Quaker Oats Co.*, the district court found that there was a substantial risk of prejudice to the defendant from the "parade" of testifying plaintiffs, as well as a risk of factual and legal confusion for the jury. *Coleman*, 232 F.3d at 1296 (citing *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393 n.4 (E.D. Pa.) (stating that "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant laid him off because of his age."), *aff'd*, 639 F.2d 774 (3d Cir. 1980)). The district court "found that the likelihood of prejudice and confusion outweighed the gains from judicial economy," as well as any potential prejudice to the plaintiffs from having to pursue separate trials. *Id*. The Ninth Circuit approved of the district court's analysis. *Id*. at 1296-97.

Here, there are only two Plaintiffs alleging injury from their injections and so the prejudicial effect of the jury hearing from both Carrero and Thomas Whitney, and those witnesses whose testimony is specific to one Plaintiff or the other, is substantially less than the "parade" of testifying plaintiffs in *Coleman*. In addition, with only two plaintiffs, there is a reduced risk of factual or legal confusion for the jury, which can be further mitigated by appropriate jury instructions. The Court

concludes that trying the claims together comports with principles of fundamental fairness and will not unduly prejudice either party.

Finally, as Plaintiffs point out, there is a substantial overlap in witnesses for the claims brought by both Carrero and the Whitneys. Trying the claims together will reduce the burden on the witnesses and the parties by relieving them of the obligation to appear and offer the same testimony twice. This will obviously also serve the purposes of judicial efficiency.

In sum, the Court concludes that the Plaintiffs and their claims are appropriately joined and Defendant's Motion to Sever is DENIED.

## CONCLUSION

Defendant's Motion to Sever, ECF No. 46, is DENIED. The Court will set a scheduling conference for the purpose of fixing a trial date in this case.

It is so ORDERED and DATED this ___10th___ day of October 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge